UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JASON VALE,

|  |  |  |
|---|---|---|
|  | Plaintiff, | COMPLAINT |
|  |  | (Jury Trial Demanded) |
| -against- |  |  |

CITY OF NEW YORK, NYPD OFFICER CASEY
THOMAS, NYPD OFFICER "FNU" [FIRST
NAME UNKNOWN] HASTINGS; NYPD OFFICER
"FNU" GUIDO; NYPD OFFICER "FNU"
NAPOLITANO; NYPD OFFICER JAY WILLIAMS;
NYPD OFFICER "FNU" SPOTTS; NYPD OFFICER
"FNU" GOMEZ; JOHN / JANE DOES EMPLOYEES
OF THE NYPD; JOHN / JANE DOES
EMPLOYEES OF THE QUEENS DISTRICT
ATTORNEY'S OFFICE; JOHN / JANE DOES
EMPLOYEES OF THE NEW YORK STATE
OFFICE OF COURT ADMINISTRATION; LONG
ISLAND JEWISH MEDICAL CENTER; and JOHN /
JANE DOES EMPLOYEES OF LONG ISLAND
JEWISH MEDICAL CENTER,

                                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff Jason Vale, by his attorneys Jeffrey A. Rothman, Esq. and Scott A. Korenbaum, Esq., for his Complaint, alleges as follows:

## INTRODUCTION

1.        Jason Vale brings this action pursuant to, 42 U.S.C. § 1983, to redress the deprivation of his federal constitutional rights.

## JURISDICTION AND VENUE

2.        Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Mr. Vale's claims arise under federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to his

1

claims arising under the common law of the State of New York.

3.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

4.      Mr. Vale is a citizen of the United States. He resides in the State of New York, County of Queens.

5.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

6.      Defendants NYPD OFFICER CASEY THOMAS; NYPD OFFICER "FNU" [FIRST NAME UNKNOWN] HASTINGS; NYPD OFFICER "FNU" GUIDO; NYPD OFFICER "FNU" NAPOLITANO; NYPD OFFICER JAY WILLIAMS; NYPD OFFICER "FNU" SPOTTS; NYPD OFFICER "FNU" GOMEZ; JOHN / JANE DOES EMPLOYEES OF THE NYPD; and JOHN / JANE DOES EMPLOYEES OF THE QUEENS DISTRICT ATTORNEY'S OFFICE are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK, and / or duly appointed and acting officers, servants, employees and agents of the Queens

County District Attorney's Office.  Defendants NYPD OFFICER CASEY THOMAS; NYPD OFFICER "FNU" [FIRST NAME UNKNOWN] HASTINGS; NYPD OFFICER "FNU" GUIDO; NYPD OFFICER "FNU" NAPOLITANO; NYPD OFFICER JAY WILLIAMS; NYPD OFFICER "FNU" SPOTTS; NYPD OFFICER "FNU" GOMEZ; JOHN / JANE DOES EMPLOYEES OF THE NYPD; and JOHN / JANE DOES EMPLOYEES OF THE QUEENS DISTRICT ATTORNEY'S OFFICE are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK and / or the New York County District Attorney's Office, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and / or by the powers bestowed upon them by the State of New York, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants NYPD OFFICER CASEY THOMAS; NYPD OFFICER "FNU" [FIRST NAME UNKNOWN] HASTINGS; NYPD OFFICER "FNU" GUIDO; NYPD OFFICER "FNU" NAPOLITANO; NYPD OFFICER JAY WILLIAMS; NYPD OFFICER "FNU" SPOTTS; NYPD OFFICER "FNU" GOMEZ; JOHN / JANE DOES EMPLOYEES OF THE NYPD; and JOHN / JANE DOES EMPLOYEES OF THE QUEENS DISTRICT ATTORNEY'S OFFICE are sued individually.  The aforementioned JOHN / JANE DOES EMPLOYEES include supervisory level employees responsible for the training, retention, supervision, discipline and control of subordinate members of the police department / District Attorney's office under their command.

7.        Defendants JOHN / JANE DOES EMPLOYEES OF THE NEW YORK STATE OFFICE OF COURT ADMINISTRATION are and were at all times relevant herein duly

3

appointed and acting officers, servants, employees and agents of the State of New York. Defendants JOHN / JANE DOES EMPLOYEES OF THE NEW YORK STATE OFFICE OF COURT ADMINISTRATION are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the State of New York, were acting for, and on behalf of, and with the power and authority vested in them by the State of New York, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants JOHN / JANE DOES EMPLOYEES OF THE NEW YORK STATE OFFICE OF COURT ADMINISTRATION are sued individually.  The aforementioned JOHN / JANE DOES EMPLOYEES OF THE NEW YORK STATE OFFICE OF COURT ADMINISTRATION include supervisory level employees responsible for the training, retention, supervision, discipline and control of subordinate members of the New York State Office of Court Administration under their command.

8. Defendant LONG ISLAND JEWISH MEDICAL CENTER is a not-for-profit hospital operating in New York City.

9. Defendants JOHN / JANE DOES EMPLOYEES OF LONG ISLAND JEWISH MEDICAL CENTER are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of LONG ISLAND JEWISH MEDICAL CENTER. Defendants JOHN / JANE DOES EMPLOYEES OF LONG ISLAND JEWISH MEDICAL CENTER.  At all times herein mentioned, defendants JOHN / JANE DOES EMPLOYEES OF LONG ISLAND JEWISH MEDICAL CENTER were acting under color of state law through, *inter alia*, their ongoing relationship, joint action, and conspiracy with the state actor defendants,

4

and through their entwinement with the state actor defendants and / or their employers, and through their performance of a public function, and were clothed with, and acted with impunity because they were clothed with and protected by, the authority of state law. Defendants JOHN / JANE DOES EMPLOYEES OF LONG ISLAND JEWISH MEDICAL CENTER are sued individually. The aforementioned JOHN / JANE DOES EMPLOYEES include supervisory level employees responsible for the training, retention, supervision, discipline and control of subordinate employees of LONG ISLAND JEWISH MEDICAL CENTER under their supervision and command.

## ADMINISTRATIVE PREREQUISITES

10. On May 25, 2017, Mr. Vale filed a timely Notice of Claim with defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law.

11. On January 18, 2018, Mr. Vale appeared for a hearing conducted pursuant to General Municipal Law § 50-h.

12. This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

## FACTS UNDERLYING THE COMPLAINT

13. On Thursday, March 2, 2017, at approximately 8:30 p.m. and thereafter, Plaintiff was arrested at LONG ISLAND JEWISH MEDICAL CENTER, 270-05 76th Avenue, Queens Village, NY 11427.

14. On information and belief his arresting officer was NYPD OFFICER CASEY THOMAS, who at that time was assigned to the NYPD 105th Precinct.

15. Plaintiff was thereafter shackled to a hospital bed by his ankles and wrist.

16.     Plaintiff remained shackled to the hospital bed without being arraigned for 20 days, until he was finally arraigned on March 22, 2017, and ordered released on his own recognizance.

17.     In addition to NYPD OFFICER CASEY, while Plaintiff was shackled to the bed for those 20 days, NYPD OFFICER "FNU" [FIRST NAME UNKNOWN] HASTINGS; NYPD OFFICER "FNU" GUIDO; NYPD OFFICER "FNU" NAPOLITANO; NYPD OFFICER JAY WILLIAMS; NYPD OFFICER "FNU" SPOTTS; NYPD OFFICER "FNU" GOMEZ; and other JOHN / JANE DOES EMPLOYEES OF THE NYPD stood guard over Plaintiff at various points.

18.     These Defendant members of the NYPD, along with the JOHN / JANE DOES EMPLOYEES OF THE QUEENS DISTRICT ATTORNEY'S OFFICE, the JOHN / JANE DOES EMPLOYEES OF THE NEW YORK STATE OFFICE OF COURT ADMINISTRATION, LONG ISLAND JEWISH MEDICAL CENTER, and the JOHN / JANE DOES EMPLOYEES OF LONG ISLAND JEWISH MEDICAL CENTER, failed to ensure that Plaintiff was arraigned within a reasonable time.

19.     The supervisory JOHN / JANE DOES EMPLOYEES assigned the defendant police officers to "guard" Mr. Vale while at the Hospital and / or otherwise are responsible – through their actions or omissions – for the violation of Plaintiff's rights through their failure to ensure that Plaintiff was arraigned within a reasonable time.

20.     Even though the NYPD, Queens County District Attorney's Office (the "DA's Office"), the New York City Criminal Court, Queens County, and LONG ISLAND JEWISH MEDICAL CENTER have procedures in place that provide for hospital bedside arraignments,

6

Mr. Vale was not arraigned within 24 hours as required by the laws of the State of New York.

21.     As a result of the actions and inactions of the defendants, Mr. Vale remained manacled to his hospital bed for 20 days.

## FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983 – Excessive Detention)

22.     Plaintiff Jason Vale repeats and realleges the allegations contained in all preceding paragraphs, as if fully set forth herein.

23.     As a result of the defendants' actions and omissions, and their policies, practices, customs, and usages, Mr. Vale was detained, and at all times he knew he was detained. Moreover, Mr. Vale did not consent to his confinement.

24.     Because defendants did not have any justification for failing to have Mr. Vale arraigned promptly, their actions and omissions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

25.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM FOR RELIEF
(State Law False Arrest/False Imprisonment)

26.     Plaintiff Jason Vale repeats and realleges the allegations contained in all preceding paragraphs, as if fully set forth herein.

27.     As a result of the defendants' actions and omissions, Mr. Vale was detained, and at all times he knew he was detained. Moreover, Mr. Vale did not consent to his confinement.

28.     Because defendants did not have any justification for failing to have Mr. Vale

arraigned within 24 hours, their actions and omissions were not privileged.

29. As a result of the defendants' actions and omissions, Mr. Vale was detained, and at all times he knew he was detained. Moreover, Mr. Vale did not consent to his confinement.

30. As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

31. Some of these defendants were agents of defendants CITY OF NEW YORK and / or LONG ISLAND JEWISH MEDICAL CENTER and were at all relevant times acting within the scope of their employment.

32. As the employer of some of the individual defendants, defendants CITY OF NEW YORK and LONG ISLAND JEWISH MEDICAL CENTER are responsible for the harm Mr. Vale has suffered as a result of these defendants' employees' actions and omissions pursuant to the doctrine of *respondeat superior*.

### THIRD CLAIM FOR RELIEF
(State Law Battery)

33. Plaintiff Jason Vale repeats and realleges the allegations contained in all preceding paragraphs, as if fully set forth herein.

34. Defendants intentionally and without legal justification touched Mr. Vale in a harmful and offensive manner.

35. Mr. Vale did not consent or authorize these defendants to touch him this way.

36. Some of these defendants were agents of defendants CITY OF NEW YORK and / or LONG ISLAND JEWISH MEDICAL CENTER and were at all relevant times acting within the scope of their employment.

37.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

38.     As the employer of some of the individual defendants, defendants CITY OF NEW YORK and LONG ISLAND JEWISH MEDICAL CENTER are responsible for the harm Mr. Vale has suffered as a result of these defendants' employees' actions and omissions pursuant to the doctrine of *respondeat superior*.

FOURTH CLAIM FOR RELIEF
(State Law Negligence)

39.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

40.     Defendants negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

41.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

42.     Some of these defendants were agents of defendants CITY OF NEW YORK and / or LONG ISLAND JEWISH MEDICAL CENTER and were at all relevant times acting within the scope of their employment.

43.     As the employer of some of the individual defendants, defendants CITY OF NEW YORK and LONG ISLAND JEWISH MEDICAL CENTER are responsible for the harm Mr.

Vale has suffered as a result of these defendants' employees' actions and omissions pursuant to the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Vale prays for the following relief:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages in an amount to be determined at trial;

(c) reasonable attorneys' fees;

(d) costs and expenses; and

(e) such other and further relief as is just and proper.

Dated: New York, New York
       March 1, 2018

                                                    _____/S/_____
                                                   Jeffrey A. Rothman, Esq.
                                                   315 Broadway, Suite 200
                                                 New York, New York 10007
                                                 (212) 227-2980

                                                 Scott A. Korenbaum, Esq.
                                                 11 Park Place, Suite 914
                                                 New York, New York 10007
                                                 (212) 587-0018

                                                 Attorneys for Plaintiff