UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JASON VALE,

                       Plaintiff,          Docket No.: 18-cv-1866 (PGG)

      -against-             **ANSWER TO THE COMPLAINT**

CITY OF NEW YORK, NYPD OFFICER CASEY
THOMAS, NYPD OFFICER "FNU [FIRST
NAME UNKNOWN] HASTINGS; NYPD OFFICER
"FNU" GUIDO; NYPD OFFICER "FNU"
NAPOLITANO; NYPD OFFICER JAY WILLIAMS;
NYPD OFFICER 'FNU" SPOTTS; NYPD OFFICER
"FNU" GOMEZ; JOHN/JANE DOES EMPLOYEES
OF THE NYPD; JOHN/JANE DOES EMPLOYEES
OF THE QUEENS DISTRICT ATTORNEY'S
OFFICE; JOHN/JANE DOES EMPLOYEES OF THE
NEW YORK STATE OFFICE OF COURT
ADMINISTRATION; LONG ISLAND JEWISH
MEDICAL CENTER; and JOHN/JANE DOES
EMPLOYEES OF LONG ISLAND JEWISH
MEDICAL CENTER,

                       Defendants.
-----------------------------------------------------------------x

       Defendant Long Island Jewish Medical Center, by its attorneys VIGORITO, BARKER, PORTER & PATTERSON LLP, for its answer to the complaint, respectfully alleges upon information and belief:

## AS TO "INTRODUCTION"

    1.    State that paragraph "1" of the complaint is a statement that requires no response.

## AS TO "JURISDICTION AND VENUE"

    2.    With respect to paragraph "2" of the complaint, defendant neither admits nor denies the truth of the matters contained therein, as the allegations call for a legal conclusion to which no response is necessary. However, to the extent a response is deemed necessary, it is denied.

3. With respect to paragraph "3" of the complaint, defendant neither admits nor denies the truth of the matters contained therein, as the allegations call for a legal conclusion to which no response is necessary. However, to the extent a response is deemed necessary, it is denied.

## AS TO "PARTIES"

4. State that paragraph "4" of the complaint is a statement that requires no response.

5. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph "5" of the complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in the first and fourth (last) sentences of paragraph "9" of the complaint. Deny the allegations set forth in the second sentence of paragraph "9" of the complaint, which contains the phrase "color of law". The third sentence of paragraph "9" of the complaint is a statement that requires no response.

## AS TO "ADMINISTRATIVE PREREQUISITES"

10. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph "12" of the complaint.

## AS TO "FACTS UNDERLYING THE COMPLAINT"

13. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint that relate to defendant LONG ISLAND JEWISH MEDICAL CENTER and any employees of LONG ISLAND JEWISH MEDICAL CENTER, and deny knowledge or information sufficient to form a belief as to the truth of the allegations that relate to co-defendants "members of the NYPD", "JOHN / JANE DOES EMPLOYEES OF THE QUEENS DISTRICT ATTORNEY'S OFFICE", and "JOHN / JANE DOES EMPLOYEES OF THE NEW YORK STATE OFFICE OF COURT ADMINISTRATION".

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

**AS TO "FIRST CLAIM FOR RELIEF (42 U.S.C. § 1983 – EXCESSIVE DETENTION)"**

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and realleges its responses to paragraphs "1" through "21" of the complaint as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the matter asserted as to Mr. Vale's knowledge of his alleged detention and his consent to his alleged confinement.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

**AS TO "SECOND CLAIM FOR RELIEF
(STATE LAW FALSE ARREST/FALSE IMPRISONMENT)"**

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges its responses to paragraphs "1" through "25" of the complaint as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the matter asserted as to Mr. Vale's knowledge of his alleged detention and his consent to his alleged confinement.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the matter asserted as to Mr. Vale's knowledge of his alleged detention and his consent to his alleged confinement.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint that relate to defendant LONG ISLAND JEWISH MEDICAL CENTER, and deny knowledge or information sufficient to form a belief as to the truth of the allegations that relate to co-defendant CITY OF NEW YORK.

### AS TO "THIRD CLAIM FOR RELIEF (STATE LAW BATTERY)"

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and realleges its responses to paragraphs "1" through "32" of the complaint as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint that relate to defendant LONG ISLAND JEWISH MEDICAL CENTER, and deny knowledge or information sufficient to form a belief as to the truth of the allegations that relate to co-defendant CITY OF NEW YORK.

### AS TO "FOURTH CLAIM FOR RELIEF (STATE LAW NEGLIGENCE)"

39. In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats and realleges its responses to paragraphs "1" through "38" of the complaint as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint that relate to defendant LONG ISLAND JEWISH MEDICAL CENTER, and deny knowledge or information sufficient to form a belief as to the truth of the allegations that relate to co-defendant CITY OF NEW YORK.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45. Defendant has not violated any rights, privileges, or immunities under the Constitution or the laws of the United States or the State of New York, or any political subdivision thereof, nor has defendant violated any acts of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

46. Any injury alleged to have been sustained resulted from plaintiff's own culpable conduct or negligent conduct, and/or the intervening conduct of third parties, and was not the proximate result of any act or omission of defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and assumption of risk.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

50.  Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

51.  Plaintiff failed to mitigate his damages.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

52.  Defendants has not violated any clearly established constitutional or statutory rights of which reasonable persons would have known and therefore are protected by qualified immunity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

53.  Defendant at all times acted within the scope of its authority in the lawful performance of its duties.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

54.  In the event the plaintiff recovers a verdict or judgment against defendant, said verdict or judgment should be reduced pursuant to CPLR §4545 (c) by those amounts which have been or will, with reasonable certainty, replace or indemnify the plaintiff in whole or in part for any past or future claimed economic loss, from any collateral source, as would have occurred in the underlying action.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

55.  Pursuant to CPLR Article 16, the liability, if any, of the answering defendant for non-economic loss shall not exceed its respective equitable share of liability.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

56.  Plaintiff has failed to join one or more necessary parties.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

57.  Defendant at all times was motivated with neither an evil intent or motive, nor a reckless or callous indifference, toward any of Plaintiff's rights.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

58.     Defendant did not unlawfully confine or touch plaintiff, directly or indirectly.

**WHEREFORE,** defendant requests judgment dismissing the complaint in its entirety, together with costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  Valhalla, New York
        June 1, 2018

                                        Yours etc.,

                                        VIGORITO, BARKER, PORTER
                                        & PATTERSON, LLP

By:    _____/S/_____
        Nicole Callahan, Esq. (NC1319)
        Attorneys for Defendant
        LONG ISLAND JEWISH MEDICAL CENTER
        115 East Stevens Avenue, Suite 206
        Valhalla, New York 10595
        (914) 495-4805