UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JASON VALE,

                              Plaintiff,                AMENDED COMPLAINT
                                                              (Jury Trial Demanded)

        -against-

                                                              18 Civ. 1866 (PGG)

CITY OF NEW YORK, NYPD OFFICER CASEY
THOMAS, NYPD OFFICER "FNU" [FIRST
NAME UNKNOWN] HASTINGS; NYPD OFFICER
"FNU" GUIDO; NYPD OFFICER RICHARD
NAPOLITANO; NYPD OFFICER JAY WILLIAMS;
NYPD OFFICER "FNU" SPOTTS; NYPD OFFICER
"FNU" GOMEZ; NYPD OFFICER ALAN
DELROSARIO; NYPD SERGEANT DANNY
OSPINA; NYPD SERGEANT ANNIE VELEZ; NYPD
SERGEANT PAULA COTTINGHAM; NYPD
SERGEANT "FNU" GARCIA; NYPD SERGEANT
JOHN EPSTEIN; NYPD SERGEANT "FNU" TRENT;
NYPD SERGEANT "FNU" CHAN; NYPD
SERGEANT "FNU" CATALANO; NYPD OFFICER
"FNU" SUAZO; NYPD OFFICER "FNU" ORTIZ;
NYPD LIEUTENANT "FNU" BRODIN; NYPD
OFFICER "FNU" HARON; NYPD OFFICER "FNU"
BRANDON; NYPD SERGEANT "FNU" PALERMO;
NYPD OFFICER "FNU" VISCUSI; NYPD SERGEANT
JASON LAGNESE; NYPD SERGEANT CHRISTOPHER
CATALANO; NYPD CAPTAIN BRIAN BILY,
Supervisor in Charge of NYPD Queens Central Booking
Court Section Command; JOHN / JANE DOES
EMPLOYEES OF THE NYPD; QUEENS DISTRICT
ATTORNEY'S OFFICE EMPLOYEE MARIA
JOHNSON; ASSISTANT DISTRICT ATTORNEY JIM
QUINN; ASSISTANT DISTRICT ATTORNEY
LATOYA KRIDER; JOHN / JANE DOES
EMPLOYEES OF THE QUEENS DISTRICT
ATTORNEY'S OFFICE; QUEENS BOROUGH
CHIEF CLERK CAREY WONE; ASSISTANT
DEPUTY CHIEF CLERK WILLIAM REYES; SENIOR
COURT CLERK DAVE JONES; ASSOCIATE COURT
CLERK KEITH FEASTER; JOHN / JANE DOES
EMPLOYEES OF THE NEW YORK STATE

1

OFFICE OF COURT ADMINISTRATION; LONG
ISLAND JEWISH MEDICAL CENTER; GARY
SCHULTZ; CARIDAD PRADO; WENDY
STIMPFL; JENNIFER SANTORO SHICKLER;
DORETH JOHNSON; MARGARET MURPHY; and
JOHN / JANE DOES EMPLOYEES OF LONG ISLAND
JEWISH MEDICAL CENTER,

                                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Plaintiff Jason Vale, by his attorneys Jeffrey A. Rothman, Esq. and Scott A. Korenbaum, Esq., for his Amended Complaint, alleges as follows:

## INTRODUCTION

1.       Jason Vale brings this action pursuant to, 42 U.S.C. § 1983, to redress the deprivation of his federal constitutional rights.

## JURISDICTION AND VENUE

2.       Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Mr. Vale's claims arise under federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to his claims arising under the common law of the State of New York.

3.       Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

4.       Mr. Vale is a citizen of the United States. He resides in the State of New York, County of Queens.

5.       Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement

2

and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

6.      Defendants NYPD OFFICER CASEY THOMAS; NYPD OFFICER "FNU" [FIRST NAME UNKNOWN] HASTINGS; NYPD OFFICER "FNU" GUIDO; NYPD OFFICER RICHARD NAPOLITANO; NYPD OFFICER JAY WILLIAMS; NYPD OFFICER "FNU" SPOTTS; NYPD OFFICER "FNU" GOMEZ; NYPD OFFICER ALAN DELROSARIO; NYPD SERGEANT DANNY OSPINA; NYPD SERGEANT ANNIE VELEZ; NYPD SERGEANT PAULA COTTINGHAM; NYPD SERGEANT "FNU" GARCIA; NYPD SERGEANT JOHN EPSTEIN; NYPD SERGEANT "FNU" TRENT; NYPD SERGEANT "FNU" CHAN; NYPD SERGEANT "FNU" CATALANO; NYPD OFFICER "FNU" SUAZO; NYPD OFFICER "FNU" ORTIZ; NYPD LIEUTENANT "FNU" BRODIN; NYPD OFFICER "FNU" HARON; NYPD OFFICER "FNU" BRANDON; NYPD SERGEANT "FNU" PALERMO; NYPD OFFICER "FNU" VISCUSI; NYPD SERGEANT JASON LAGNESE; NYPD SERGEANT CHRISTOPHER CATALANO; NYPD CAPTAIN BRIAN BILY, Supervisor in Charge of NYPD Queens Central Booking Court Section Command; JOHN / JANE DOES EMPLOYEES OF THE NYPD; QUEENS DISTRICT ATTORNEY'S OFFICE EMPLOYEE MARIA JOHNSON; ASSISTANT DISTRICT ATTORNEY JIM QUINN; ASSISTANT DISTRICT ATTORNEY LATOYA KRIDER; and JOHN / JANE DOES EMPLOYEES OF THE QUEENS DISTRICT ATTORNEY'S OFFICE are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY

OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK, and / or duly appointed and acting officers, servants, employees and agents of the Queens County District Attorney's Office.  Defendants NYPD OFFICER CASEY THOMAS; NYPD OFFICER "FNU" [FIRST NAME UNKNOWN] HASTINGS; NYPD OFFICER "FNU" GUIDO; NYPD OFFICER RICHARD NAPOLITANO; NYPD OFFICER JAY WILLIAMS; NYPD OFFICER "FNU" SPOTTS; NYPD OFFICER "FNU" GOMEZ; NYPD OFFICER ALAN DELROSARIO; NYPD SERGEANT DANNY OSPINA; NYPD SERGEANT ANNIE VELEZ; NYPD SERGEANT PAULA COTTINGHAM; NYPD SERGEANT "FNU" GARCIA; NYPD SERGEANT JOHN EPSTEIN; NYPD SERGEANT "FNU" TRENT; NYPD SERGEANT "FNU" CHAN; NYPD SERGEANT "FNU" CATALANO; NYPD OFFICER "FNU" SUAZO; NYPD OFFICER "FNU" ORTIZ; NYPD LIEUTENANT "FNU" BRODIN; NYPD OFFICER "FNU" HARON; NYPD OFFICER "FNU" BRANDON; NYPD SERGEANT "FNU" PALERMO; NYPD OFFICER "FNU" VISCUSI; NYPD SERGEANT JASON LAGNESE; NYPD SERGEANT CHRISTOPHER CATALANO; NYPD CAPTAIN BRIAN BILY, Supervisor in Charge of NYPD Queens Central Booking Court Section Command; JOHN / JANE DOES EMPLOYEES OF THE NYPD; QUEENS DISTRICT ATTORNEY'S OFFICE EMPLOYEE MARIA JOHNSON; ASSISTANT DISTRICT ATTORNEY JIM QUINN; ASSISTANT DISTRICT ATTORNEY LATOYA KRIDER; and JOHN / JANE DOES EMPLOYEES OF THE QUEENS DISTRICT ATTORNEY'S OFFICE are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK and / or the New York County District Attorney's Office, were acting for, and

4

on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and / or by the powers bestowed upon them by the State of New York, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants NYPD OFFICER CASEY THOMAS; NYPD OFFICER "FNU" [FIRST NAME UNKNOWN] HASTINGS; NYPD OFFICER "FNU" GUIDO; NYPD OFFICER RICHARD NAPOLITANO; NYPD OFFICER JAY WILLIAMS; NYPD OFFICER "FNU" SPOTTS; NYPD OFFICER "FNU" GOMEZ; NYPD OFFICER ALAN DELROSARIO; NYPD SERGEANT DANNY OSPINA; NYPD SERGEANT ANNIE VELEZ; NYPD SERGEANT PAULA COTTINGHAM; NYPD SERGEANT "FNU" GARCIA; NYPD SERGEANT JOHN EPSTEIN; NYPD SERGEANT "FNU" TRENT; NYPD SERGEANT "FNU" CHAN; NYPD SERGEANT "FNU" CATALANO; NYPD OFFICER "FNU" SUAZO; NYPD OFFICER "FNU" ORTIZ; NYPD LIEUTENANT "FNU" BRODIN; NYPD OFFICER "FNU" HARON; NYPD OFFICER "FNU" BRANDON; NYPD SERGEANT "FNU" PALERMO; NYPD OFFICER "FNU" VISCUSI; NYPD SERGEANT JASON LAGNESE; NYPD SERGEANT CHRISTOPHER CATALANO; NYPD CAPTAIN BRIAN BILY, Supervisor in Charge of NYPD Queens Central Booking Court Section Command; JOHN / JANE DOES EMPLOYEES OF THE NYPD; QUEENS DISTRICT ATTORNEY'S OFFICE EMPLOYEE MARIA JOHNSON; ASSISTANT DISTRICT ATTORNEY JIM QUINN; ASSISTANT DISTRICT ATTORNEY LATOYA KRIDER; and JOHN / JANE DOES EMPLOYEES OF THE QUEENS DISTRICT ATTORNEY'S OFFICE are sued individually. The aforementioned JOHN / JANE DOES EMPLOYEES include supervisory level employees responsible for the training, retention, supervision, discipline and control of subordinate

members of the police department / District Attorney's office under their command.

7.      Defendants QUEENS BOROUGH CHIEF CLERK CAREY WONE; ASSISTANT DEPUTY CHIEF CLERK WILLIAM REYES; SENIOR COURT CLERK DAVE JONES; ASSOCIATE COURT CLERK KEITH FEASTER; and JOHN / JANE DOES EMPLOYEES OF THE NEW YORK STATE OFFICE OF COURT ADMINISTRATION are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the State of New York.  Defendants QUEENS BOROUGH CHIEF CLERK CAREY WONE; ASSISTANT DEPUTY CHIEF CLERK WILLIAM REYES; SENIOR COURT CLERK DAVE JONES; ASSOCIATE COURT CLERK KEITH FEASTER; and JOHN / JANE DOES EMPLOYEES OF THE NEW YORK STATE OFFICE OF COURT ADMINISTRATION are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the State of New York, were acting for, and on behalf of, and with the power and authority vested in them by the State of New York, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants QUEENS BOROUGH CHIEF CLERK CAREY WONE; ASSISTANT DEPUTY CHIEF CLERK WILLIAM REYES; SENIOR COURT CLERK DAVE JONES; ASSOCIATE COURT CLERK KEITH FEASTER; and JOHN / JANE DOES EMPLOYEES OF THE NEW YORK STATE OFFICE OF COURT ADMINISTRATION are sued individually.  The aforementioned JOHN / JANE DOES EMPLOYEES OF THE NEW YORK STATE OFFICE OF COURT ADMINISTRATION include supervisory level employees responsible for the training, retention, supervision, discipline and control of subordinate members of the New York

State Office of Court Administration under their command.

8.      Defendant LONG ISLAND JEWISH MEDICAL CENTER is a not-for-profit hospital operating in New York City.

9.      Defendants GARY SCHULTZ; CARIDAD PRADO; WENDY STIMPFL; JENNIFER SANTORO SHICKLER; DORETH JOHNSON; MARGARET MURPHY; and JOHN / JANE DOES EMPLOYEES OF LONG ISLAND JEWISH MEDICAL CENTER are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of LONG ISLAND JEWISH MEDICAL CENTER.  Defendants JOHN / JANE DOES EMPLOYEES OF LONG ISLAND JEWISH MEDICAL CENTER.  At all times herein mentioned, defendants GARY SCHULTZ; CARIDAD PRADO; WENDY STIMPFL; JENNIFER SANTORO SHICKLER; DORETH JOHNSON; MARGARET MURPHY; and JOHN / JANE DOES EMPLOYEES OF LONG ISLAND JEWISH MEDICAL CENTER were acting under color of state law through, *inter alia*, their ongoing relationship, joint action, and conspiracy with the state actor defendants, and through their entwinement with the state actor defendants and / or their employers, and through their performance of a public function, and were clothed with, and acted with impunity because they were clothed with and protected by, the authority of state law.  Defendants GARY SCHULTZ; CARIDAD PRADO; WENDY STIMPFL; JENNIFER SANTORO SHICKLER; DORETH JOHNSON; MARGARET MURPHY; and JOHN / JANE DOES EMPLOYEES OF LONG ISLAND JEWISH MEDICAL CENTER are sued individually.  The aforementioned JOHN / JANE DOES EMPLOYEES include supervisory level employees responsible for the training, retention, supervision, discipline and control of subordinate employees of LONG ISLAND JEWISH MEDICAL CENTER under their

7

supervision and command.

## ADMINISTRATIVE PREREQUISITES

10.     On May 25, 2017, Mr. Vale filed a timely Notice of Claim with defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law.

11.     On January 18, 2018, Mr. Vale appeared for a hearing conducted pursuant to General Municipal Law § 50-h.

12.     This action was commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

## FACTS UNDERLYING THE COMPLAINT

13.     On Thursday, March 2, 2017, at approximately 8:30 p.m. and thereafter, Plaintiff was arrested at LONG ISLAND JEWISH MEDICAL CENTER, 270-05 76th Avenue, Queens Village, NY 11427.

14.     On information and belief his arresting officer was NYPD OFFICER CASEY THOMAS, who at that time was assigned to the NYPD 105th Precinct.

15.     Plaintiff was thereafter shackled to a hospital bed by his ankles and wrist.

16.     Plaintiff remained shackled to the hospital bed without being arraigned for 20 days, until he was finally arraigned on March 22, 2017, and ordered released on his own recognizance.

17.     In addition to NYPD OFFICER CASEY, while Plaintiff was shackled to the bed for those 20 days, NYPD OFFICER "FNU" HASTINGS; NYPD OFFICER "FNU" GUIDO; NYPD OFFICER RICHARD NAPOLITANO; NYPD OFFICER JAY WILLIAMS; NYPD OFFICER "FNU" SPOTTS; NYPD OFFICER "FNU" GOMEZ; NYPD OFFICER ALAN

DELROSARIO; NYPD SERGEANT DANNY OSPINA; NYPD SERGEANT ANNIE VELEZ; NYPD SERGEANT PAULA COTTINGHAM; NYPD SERGEANT "FNU" GARCIA; NYPD SERGEANT JOHN EPSTEIN; NYPD SERGEANT "FNU" TRENT; NYPD SERGEANT "FNU" CHAN; NYPD SERGEANT "FNU" CATALANO; NYPD OFFICER "FNU" SUAZO; NYPD OFFICER "FNU" ORTIZ; NYPD LIEUTENANT "FNU" BRODIN; NYPD OFFICER "FNU" HARON; NYPD OFFICER "FNU" BRANDON; NYPD SERGEANT "FNU" PALERMO; NYPD OFFICER "FNU" VISCUSI; NYPD SERGEANT JASON LAGNESE; NYPD SERGEANT CHRISTOPHER CATALANO; and other JOHN / JANE DOES EMPLOYEES OF THE NYPD stood guard over Plaintiff at various points.

18.     These Defendant members of the NYPD, along with NYPD CAPTAIN BRIAN BILY, Supervisor in Charge of NYPD Queens Central Booking Court Section Command; QUEENS DISTRICT ATTORNEY'S OFFICE EMPLOYEE MARIA JOHNSON; ASSISTANT DISTRICT ATTORNEY JIM QUINN; ASSISTANT DISTRICT ATTORNEY LATOYA KRIDER; the JOHN / JANE DOES EMPLOYEES OF THE QUEENS DISTRICT ATTORNEY'S OFFICE; QUEENS BOROUGH CHIEF CLERK CAREY WONE; ASSISTANT DEPUTY CHIEF CLERK WILLIAM REYES; SENIOR COURT CLERK DAVE JONES; ASSOCIATE COURT CLERK KEITH FEASTER; the JOHN / JANE DOES EMPLOYEES OF THE NEW YORK STATE OFFICE OF COURT ADMINISTRATION, LONG ISLAND JEWISH MEDICAL CENTER; GARY SCHULTZ; CARIDAD PRADO; WENDY STIMPFL; JENNIFER SANTORO SHICKLER; DORETH JOHNSON; MARGARET MURPHY; and the JOHN / JANE DOES EMPLOYEES OF LONG ISLAND JEWISH MEDICAL CENTER, failed to ensure that Plaintiff was arraigned within a reasonable time.

9

19.     JOHN / JANE DOES EMPLOYEES OF THE NYPD (from the 105th Precinct or from any other command sharing responsibility for taking any steps in order to arrange Plaintiff's hospital arraignment) who held the following titles / roles during the time period March 2, 2017 through March 22, 2017 (as set forth in NYPD Patrol Guide §§ 210-05 and 210-02) are also specifically sued as Defendants herein (and, if not specifically named at present, will be amended into the case as Defendants once their identities become known): the arresting officer(s); the desk officer(s); the guarding officer(s) / guarding member(s); the precinct messenger(s); the borough court section supervisor(s); the planning officer(s); and the commanding officer(s); the hospital administrator; and the hospital liason.

20.     The supervisory JOHN / JANE DOES EMPLOYEES assigned the defendant police officers to "guard" Mr. Vale while at the Hospital and / or otherwise are responsible – through their actions or omissions – for the violation of Plaintiff's rights through their failure to ensure that Plaintiff was arraigned within a reasonable time.

21.     NYPD CAPTAIN BRIAN BILY, Supervisor in Charge of NYPD Queens Central Booking Court Section Command, was referenced by Defendant WONE at his deposition (he was deposed as a representative of the New York State Office of Court Administration pursuant to Fed.R.Civ.P. 30(b)(6)) as having responsibilities concerning hospitalized arrestees in need of timely hospital arraignments.

22.     QUEENS DISTRICT ATTORNEY'S OFFICE EMPLOYEE MARIA JOHNSON; ASSISTANT DISTRICT ATTORNEY JIM QUINN; and ASSISTANT DISTRICT ATTORNEY LATOYA KRIDER are referenced in documents produced to date in discovery by the City Defendants in connection with Plaintiff's arrest and prosecution, and the need for

10

Plaintiff to have a timely hospital arraignment scheduled.

23. QUEENS BOROUGH CHIEF CLERK CAREY WONE; ASSISTANT DEPUTY CHIEF CLERK WILLIAM REYES; SENIOR COURT CLERK DAVE JONES; ASSOCIATE COURT CLERK KEITH FEASTER; were the employees of the Queens Criminal Court Clerk's Office responsible for insuring that hospitalized arrestees were arraigned in a timely manner. They were identified as such by Defendant Wone at his deposition.

24. GARY SCHULTZ; CARIDAD PRADO; WENDY STIMPFL; JENNIFER SANTORO SHICKLER; DORETH JOHNSON; and MARGARET MURPHY, are referenced in emails produced in discovery by LONG ISLAND JEWISH MEDICAL CENTER, as having been involved in communications concerning and / or having had responsibilities concerning Plaintiff being manacled to his hospital bed and being in need of a timely hospital arraignment.

25. Even though the NYPD, Queens County District Attorney's Office (the "DA's Office"), the New York City Criminal Court, Queens County, and LONG ISLAND JEWISH MEDICAL CENTER have procedures in place that provide for hospital bedside arraignments, Mr. Vale was not arraigned within 24 hours as required by the laws of the State of New York.

26. As a result of the actions and inactions of the defendants, Mr. Vale remained manacled to his hospital bed for 20 days.

27. Throughout his 20 days of being manacled to the hospital bed, pursuant to NYPD policies, practices, customs, and usages Plaintiff had both his legs and one of his arms manacled, which caused him significant and unnecessary discomfort and pain.

28. All of the individual Defendants knew of, or should have known of, the medieval and constitutionally deficient manner in which Plaintiff was manacled to the hospital bed during

11

these 20 days.

FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983 – Excessive Detention and
Constitutionally Deficient Conditions of Confinement)

29.     Plaintiff Jason Vale repeats and realleges the allegations contained in all preceding paragraphs, as if fully set forth herein.

30.     As a result of all of the defendants' actions and omissions, and their policies, practices, customs, and usages, Mr. Vale was detained, and at all times he knew he was detained. Moreover, Mr. Vale did not consent to his confinement or to the harsh and unnecessary conditions of his confinement.

31.     Because defendants did not have any justification for failing to have Mr. Vale arraigned promptly, or for holding him under harsh and unnecessary conditions of confinement, their actions and omissions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

32.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

SECOND CLAIM FOR RELIEF
(State Law False Arrest/False Imprisonment)

33.     Plaintiff Jason Vale repeats and realleges the allegations contained in all preceding paragraphs, as if fully set forth herein.

34.     As a result of all of the defendants' actions and omissions, Mr. Vale was detained, and at all times he knew he was detained. Moreover, Mr. Vale did not consent to his confinement.

35.     Because defendants did not have any justification for failing to have Mr. Vale arraigned within 24 hours, their actions and omissions were not privileged.

36.     As a result of the defendants' actions and omissions, Mr. Vale was detained, and at all times he knew he was detained. Moreover, Mr. Vale did not consent to his confinement.

37.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

38.     Some of these defendants were agents of defendants CITY OF NEW YORK and / or LONG ISLAND JEWISH MEDICAL CENTER and were at all relevant times acting within the scope of their employment.

39.     As the employer of some of the individual defendants, defendants CITY OF NEW YORK and LONG ISLAND JEWISH MEDICAL CENTER are responsible for the harm Mr. Vale has suffered as a result of these defendants' employees' actions and omissions pursuant to the doctrine of *respondeat superior*.

## THIRD CLAIM FOR RELIEF
(State Law Battery)

40.     Plaintiff Jason Vale repeats and realleges the allegations contained in all preceding paragraphs, as if fully set forth herein.

41.     Defendants intentionally and without legal justification touched Mr. Vale in a harmful and offensive manner.

42.     Mr. Vale did not consent or authorize these defendants to touch him this way.

43.     Some of these defendants were agents of defendants CITY OF NEW YORK and / or LONG ISLAND JEWISH MEDICAL CENTER and were at all relevant times acting within

the scope of their employment.

44. As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

45. As the employer of some of the individual defendants, defendants CITY OF NEW YORK and LONG ISLAND JEWISH MEDICAL CENTER are responsible for the harm Mr. Vale has suffered as a result of these defendants' employees' actions and omissions pursuant to the doctrine of *respondeat superior*.

## FOURTH CLAIM FOR RELIEF
(State Law Negligence)

46. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

47. All of the defendants negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

48. As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

49. Some of these defendants were agents of defendants CITY OF NEW YORK and / or LONG ISLAND JEWISH MEDICAL CENTER and were at all relevant times acting within the scope of their employment.

50. As the employer of some of the individual defendants, defendants CITY OF NEW

YORK and LONG ISLAND JEWISH MEDICAL CENTER are responsible for the harm Mr. Vale has suffered as a result of these defendants' employees' actions and omissions pursuant to the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Vale prays for the following relief:

    (a)    compensatory damages in an amount to be determined at trial;

    (b)    punitive damages in an amount to be determined at trial;

    (c)    reasonable attorneys' fees;

    (d)    costs and expenses; and

    (e)    such other and further relief as is just and proper.

Dated: New York, New York
        July 1, 2019

                                  _____/S/_____
                                  Jeffrey A. Rothman, Esq.
                                  315 Broadway, Suite 200
                                  New York, New York 10007
                                  (212) 227-2980

                                  Scott A. Korenbaum, Esq.
                                  11 Park Place, Suite 914
                                  New York, New York 10007
                                  (212) 587-0018

                                  Attorneys for Plaintiff